May it please the court, counsel, my name is Greg Silbey, I represent Jose Reyes, and we have short time, we have six or eight issues of first impression, I have ten minutes. If the court wants to direct me to some particular place, I will go there, if not, I will move over into the 851 issues in this case. Let's start out with the issue of whether Richardson has retroactive applicability that we can even consider it with his second petition. I suspected you might be interested in that. Well, first of all, I have an argument that Richardson, Tyler had not been decided when this all was going on below, and so it had no effect. My first position would be we don't apply Tyler retroactively on appeal to begin with, but assuming that we do. It is certainly my position that Richardson does apply retroactively, and it's based on, it's just, it is based on the two holdings. We have Loosley and we have Richardson, and when we put them together, I submit that the United States Supreme Court has held that Richardson can apply retroactively. In the second, I guess the question I have is in the second petition context, because if you were in a first petition, then maybe we wouldn't even have an argument. Right. But how do you, what twist do you think this brings to your case? Everyone has decided Richardson applies retroactively on an initial. So, moving on to the second, nobody has decided whether or not it applies on a second. You all get to do that first. And I just go to Tyler. In Tyler v. Payne, the Supreme Court says that on a second, we only give retroactive application when we say, when we've held that it applies. And there's no dispute that they have not held that Richardson applies retroactively. But there is the fallback position, and it's in the dissent, and it's also in the concurrence of Justice O'Connor. And that is, there is more than one way for us to hold that a case is retroactively applicable on a second. And that is the conjunction of two holdings, that we put them together, and it mandates that, and it mandates, or the first holding, in addition to the second holding, mandates a conclusion. Well, Justice O'Connor said some words that you nicely put into a nice, broad brush. But I'm having a problem, because the second petition problem that the Supreme Court has put us into with abuse of the writ is clashing head-on with this retroactive application of Richardson. And I think you're going to have to help me to tell me how you put those two together. Have you found any case that has put two together, as you said? Absolutely. My research, and I mean up to the last-minute research on this, is nobody has done it. Exactly. And I don't think O'Connor said how you do it, either. That language is so loose. I mean, maybe she was having a good day and thought that this was a good idea. But I'd like to see somebody show me how you put it together. I read your brief. And the way you're saying is if you interpret a federal statute and find a holding that it should apply, and then you just plop it together, the fact that it should be applied retroactively, and then O'Connor's language, away you go. Isn't that the way you do it? That would be my problem. Yeah, but how do you write it? What are you saying? I don't quite understand that. Well, when we look at what Tyler is doing, we have to decide how tight is Tyler really? Because if Tyler is essentially, well, when we look at how cases go up, for anything to ever have retroactive applicability, essentially means that the Supreme Court is going to be needing to decide them twice. Now, the Supreme Court could very easily have said, and O'Connor could have very easily said, we understand what the bar on second petitions is. We set it up. We know what we're doing. We're not going to allow the second bar to be coupled with something else to produce this effect. They didn't. So we're doing this for the first time. That's why it's difficult for me to understand. Right. Oh, to go back to an earlier comment about has anyone done this before, well, no one has done it before. Nobody has. The only cases that have failed to do it have been the Bailey and procedural, where there's the other reasons. So as far as I know, this is the absolute first here. We have substantive law. Well, let's take what would happen. If we interpret vowsly as you'd like us to do it, I guess that basically it would be building block one in all cases, that it would basically mean any and all substantive changes apply retroactively. Would that be the consequence? Well, yes and no. That sounds a little broad, and I would understand why this court would be somewhat reluctant to just be making, again, such a broad comment. But when we look at, back to, we already know that our building block is there because of every other circuit that is held on initials that Richardson applies retroactively. That's no big deal. Every time we get into an aviation situation, the first petition, that's what the Supreme Court told us, put it all in there, apply it retroactively, do anything you want, but the Supreme Court has said very violently, you're not going to have something on a second petition unless it's for cause, prejudice, or actual innocence. So why shouldn't we go that route? If you can show me actual innocence, that's an answer. If you can show me cause of prejudice, but you didn't argue that, you want a couple or two and you want to get around the bar of the second petition. And again, that's what I have. I run what I brung. It's an interesting argument because, as you know, retroactivity is one of the most difficult, troubling areas. And from the standpoint of a criminal defendant, to see this new law enacted and then to be sitting there, it makes total sense to try to figure out how to make these retroactive. While we don't get to re-decide it, I wouldn't have decided, Tyler, the way that it was obviously. But, I mean, simply, I won't belabor the point. My exact argument is we can put these two cases together and that's, you know, it's the logic proposition. A plus B equals C. C gives us retroactivity. I can try to, like I said, I don't have a whole lot. I mean, I briefed it extensively, and if I had any other brilliant legal argument, I would have put it in my brief. Thank you. On this, the procedure in this case, in the first petition, didn't raise the Richardson issue to the district court. In a backhanded way, raised it on appeal by saying that counsel had been incompetent not to have raised it. Then the decision comes down on May 26 from our court denying relief. Four or five days later, comes down Richardson. At that point, there was time to petition for re-hearing, but apparently none was done. I was not that appellate counsel, and in fact, I do believe he was represented at that point. Yes, I think he was, but the counsel didn't petition for re-hearing. I had my clerk go back and do a search and try to find out. So I don't know whether you've got a cause and prejudice argument somewhere. I did not even think of that. I do know along these lines, and this is the, I know that the court specifically wants to have a certificate of appealability to deal with Richardson and retroactivity. If you don't want to, we can sidestep it in this case, and that's because this is, you know, in characterizing this as an initial petition as to the issue. I know that it was in the reply brief that in the middle of the first habeas, before the government had replied, the pro se defendant moved to include the Richardson claim. I mean, before Richardson had come out but moved to include it and moved for appointment of counsel, the court denied counsel and the court dismissed it without prejudice. That claim saying, oh, this has been going on a while. We need to get to these claims. It's without prejudice. You can bring it again. So in this particular case, we can. If you wanted to, you could actually get to the Richardson claim, but I do understand the, you know, the first opportunity to hit this ball out of the park. So maybe you should tell us whether there was harmless error. Okay, so when we go to harmless error, this is, and I know the immediate response by the government is, okay, this guy, okay, there's clearly a Richardson error. That's not a question. So then we go to, well, he was convicted of five drug felonies anyway, so why doesn't that take care of it? This is the guy who, unlike all the other published cases I can find, well, there were a bunch of improper predicate acts that the jury could have found and the government's arguing things that are improper, but this is also the case where we go to harmless is the court tinkered with and changed improperly the relatedness requirement. So instead of saying that these predicate acts have to be a continuing series, it instead becomes predicate acts that have to occur over a definite period of time, which the government argues means the same thing. It isn't. I mean, a definite period of time, things can happen. It doesn't mean they have anything to do with each other. So we have the one guy who actually, despite the fact that he's convicted of these other drug cases or drug counts, there is no finding nor requirement of the jury to say these five drug counts, we found them guilty of, had anything to do with each other. So that's my, and again, that's what I have on the harmless. If I had anything more, you would be the first to know about that one. Thank you. We'll hear from the government. Okay, thank you. Good morning. May it please the court. Counsel. My name is Lynn Lampreck. I'm the assistant United States attorney in the District of Idaho in Boise. Counsel argued about retroactivity, and the court asked a question about how the holdings could combine in these two cases. I have looked at this extensively because I think it's a very interesting question as to how you could combine two holdings. The Supreme Court in Tyler said that the two holdings had to dictate the logical conclusion that the case was retroactive. In this case, to me, the holdings are like oil and water. They simply don't combine. The Bosley holding was that Bailey could be applied retroactively on collateral appeal once procedural hurdles had been met, and Bailey dealt with convictions obtained pursuant to the use prong of 18 U.S.C. section 924C. The Richardson holding dealt with jury unanimity in a continuing criminal enterprise case and simply held that each of the violations in the series must be decided unanimously by the jury. There seems to be nothing in those two holdings that would come together. Counsel might have been brief, I believe, when you addressed it that the most cases, Bosley and Tyler, were interpretations of federal statutes. Therefore, they should be pasted together, and that was the logic. That's the best I can see of that argument, I guess. If we get beyond that, do we then have to look? Let's assume that we don't paste them. Let's assume, as Judge Fletcher pointed out, that somehow it slipped through and after the time expired for a petition, for a hearing on the second petition, what Richardson could have been raising was that we are now faced with this new petition, and there is an issue. If he had shown today, or in briefs, or to a district court, cause, prejudice, or actual innocence, we could go forward and determine on those bases, couldn't we? If this were an initial petition, I would agree with you. How about a second petition? I don't believe so because I do not believe that it has been made retroactive by the Supreme Court, and that is a prerequisite to this Court going ahead and making that cause and prejudice. Just like the Court said in Tyler, the best that you really could do with this argument is argue that the Supreme Court should make Richardson retroactive in the event that it were to show cause and prejudice or actual innocence. The failure during that first habeas corpus to pick up Richardson is now totally preclusive. Raise this issue. Period. That sounds a little extreme, Counsel. That does sound right. Actually, here's what happened. It's kind of an unusual case. I would sort of liken this petitioner to a person in Las Vegas with a large cup of quarters, and after he was convicted, he started putting his quarters, which were appellate issues, into slot machines, which are his petitions, and he continued to do that until hoping that somehow the three cherries would come up for him. He had a direct appeal. None of these issues were raised. He petitioned for habeas corpus where, by his own admission, he raised nine very complex issues. A year later, he asked the district court to add six more issues to that, and the district court declined. One of the issues that he asked the district court to add was whether the jury should have been instructed to decide that they had to pick which three of the convictions constituted the continuing series. And that was a year after the first petition? That was a year after the first petition, which had not been finalized, but he had asked to amend. And the district court basically said at that time that it did not... he couldn't see that that claim constituted any grounds for relief. He had been convicted of five substantive violations. Even Richardson doesn't say that you have to pick which of the three are the continuing series. So are you trying to say, in a way, that he had a chance to show cause at that time, and he didn't, or he had a chance to raise Richardson, which was then, could have been applied retroactively, and he didn't? I think he had... Excuse me, in the framework of that first petition, is that what you're saying? I'm simply saying that he sort of raised the issue, and when the court said that he hadn't stated a claim upon which relief could be granted, he dropped it. Oh, no, I'm getting a little finer than that. Okay. What was the name of... I'm trying to recycle my mind through the record. What was the name of that document that he filed a year later during the first petition? It was a motion for relief. I think it was a motion to appoint counsel and for relief to amend and to expand issues. I remember the document now. Was the first petition still open? It's in Appellant Supplemental Experts, the record. Okay. Was the first petition still open? Yes. So you're saying, within the framework of the first petition, even though the first petition had not been decided and Richardson had been decided within that framework, which said he could retroactively apply... No, Richardson hadn't been decided at that point. It had not been? It had not. This was in 1995. Oh, I just have to look at it. All right. So Richardson had not been decided, but Richardson was decided after the first petition was decided and within the petition for more rehearing. Here's what happened. After the district court denied that claim for failure, stated ground... Well, he didn't really deny it for that reason, but he did say that he couldn't see that it stated any grounds, and with everything else he raised in the interest of judicial, I guess, you know, just keeping things going, he wasn't going to consider it at that time. Then when the district court denied all of his initial first 2255 petition and the petitioner appealed it to this court, the petitioner on appeal tried to raise the same issue in the context of ineffective assistance of counsel, and to this court he argued for the first time that his counsel had been ineffective in not challenging the jury instruction. This court... Had this been decided at that time? No, Richardson had not been decided at that time. His challenge was basically the Richardson theory. His challenge was that out of the five convictions, the jury was supposed to pick three that were the continuing series, which is, I think, a distinction with a difference. Richard says jury unanimity has to be as to a series of violations that underlie... But it doesn't say that the jury has to... If the jury convicts on five or ten, whether they're charged or not, that they have to say, you know, which they are, I think. And I think it's a little different. But he did raise that issue to this court on appeal for the first time, and this court denied that issue as not having been raised below. That was in 1999. Shortly after that, Richardson was decided. But at no time until after Richardson did this petitioner ever move for reconsideration or move for, you know, or appeal the district courts, and this court's denials of his claim. As far as the... Is there any more questions on retroactivity? I'd just like to point out one thing that I thought was interesting. Counsel is arguing that two cases combine together here to make it retroactive. But he's arguing that a case that the Supreme Court decided prior to Richardson, the Supreme Court somehow dictated that further cases would be retroactive. And I can't imagine that the Supreme Court would ever imagine that they had done what Counsel intended, which was to open the floodgates under the AEDPA by deciding Bosley in such a limited context. At least not intentionally. They probably would not have done that intentionally. No, they probably would not have done that intentionally. But I don't think that the two holdings together dictate anything of the sort. As far as the harmless error on the jury instructions, unless there are more questions. The harmless error on the jury instructions, Counsel has picked out this phrase that he says is wrong because the court said over a period of time instead of a continuing series. Jury instructions are always read as a totality. And in this case, the court did instruct the jury under the statute that they had to find a continuing series of violations and then describe that continuing series as violations occurring over a definite period of time. And this is certainly sufficient, and the petitioner in this case can't show any prejudice as a result of this instruction because he was convicted of four substantive offenses that all occurred within a three-month period that were all within the time frame of the conspiracy, which he was convicted that underplayed the CCE. So we would just admit that it is definitely harmless in that context. The only thing that didn't come up in our argument is that the government is inclined to agree that the court did err when it gave him a supervised release term of, I believe, 12 years, and it should have been six. And pursuant to our brief, I believe that this court can fix that or it can remand it to the district court for resentencing on the supervised release issue. Other than that, if there's no more questions, we will rely on our brief and ask that it be affirmed. Thank you. Thank you. Do you have one last comment? Yes. One about whether or not Mr. Reyes appealed the district court's dismissal of his trying to raise the Richardson claim pro se, and the government faults him for not appealing that. Well, it actually was just appealed without prejudice, or it was denied without prejudice. And with the district court killing this guy, you can actually bring this again. So when we go back and kind of look at, you know, do you ever fairly have a chance to bring a Richardson claim? Well, it wasn't the law when he did his first petition. Before the government even replied, he tried to add it. The court wouldn't let him. Said, oh, you can bring that later. And then, well, no, you can't bring it later. I'll try to be brief, and I'll try not to. Well, you're about out of time. You have 15 seconds of already. Then I won't even be brief. I'll be brief. I'll just sit down. All right. So thank you. This case is well briefed, and it's a difficult issue. So we do have a nice briefing on it. I thank both counsel in the case of the United States v. Reyes. Thank you.
judges: B Fletcher, Brunetti, McKeown